**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:09-CR-0080-8 |
| | § | |
| HAROLD D. STEWART | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 18, 2011, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Harold D. Stewart. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pleaded guilty to the offense of Conspiracy to Commit an Offense Against the United States, a Class D felony. The offense carried a statutory maximum imprisonment term of not more than five (5) years. The United States Sentencing Guideline range, based on a total offense level of 4 and a criminal history category of IV, was 2 to 8 months. On March 8, 2010, District Court Judge Leonard Davis of the Eastern District of Texas sentenced Defendant to 8 months imprisonment followed by a three-year term of supervised release, subject to the standard conditions of release, plus special conditions to include paying any financial penalty that is imposed by the judgment, and that remains unpaid at the commencement of the term of supervised release; providing the probation officer with access to any requested financial information for purpose of monitoring the defendant's ability to make fine payments; not incurring new credit charges or opening additional lines of credit without the approval of the probation officer, or participating in any form of gambling unless payment of any financial obligation ordered by the Court has been paid

in full; and entering a drug testing and treatment program under the guidance of the U.S. Probation Office. On March 15, 2010, Defendant completed his period of imprisonment and began service of the supervision term.

In its petition, the government alleges that Defendant violated his conditions of supervised release by being convicted on two counts of Theft in Gregg County, Texas on February 18, 2011 wherein he was sentenced to 23 months in the State Jail Division, Texas Department of Criminal Justice, a Grade B violation. The government also alleges that Defendant violated his conditions of supervised release by submitting a written confession to using methamphetamine on July 19, 2010; failing to submit a truthful and complete written report for the month of July, August and September 2010; failing to notify the U.S. Probation Office that his employment ended on June 26, 2010; failing to permit the probation office to visit him at home or elsewhere due to the fact that he appears to have absconded from supervision; failing to pay $200 toward the fine for the months of July, August and September 2010; failing to report for scheduled drug tests on August 3, 6, 7, 12, 16 and 25, 2010; failing to report for a scheduled counseling session on July 28, 2010, all Grade C violations.

If the Court finds by a preponderance of the evidence that Defendant committed a Grade B or C violation, a statutory sentence of no more than 3 or 2 years of imprisonment, respectively, may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to § 7B1.3(a)(1) and (2) of the Sentencing Guidelines, violating a condition of supervision by committing a Grade B or C violation allows the Court to revoke probation or supervised release. U.S.S.G. § 7B3.1(a)(1) and (2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months and the imprisonment range for a Grade C violation is 6 to 12 months.

2

U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision. The parties agreed on a sentence of 12 months, to run consecutive to the sentence imposed for the state offense referenced in the petition, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that consecutive to his state imposed sentence, Defendant Harold D. Stewart, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months with no supervised release to follow.

The parties have waived their right to object to the finding of the Magistrate Judge in this matter so this Report and Recommendation will be presented to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 19th day of April, 2011.**

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE